# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** <br> (For Organizational Defendants) |
| v. | CASE NUMBER: 10-cr-00139-WYD-01 |
| ROCKY MOUNTAIN INSTRUMENT COMPANY | Richard C. Kaufman <br> (Defendant Organization's Attorney) |
| | Matthew T. Kirsch <br> (Assistant United States Attorney) |

**THE DEFENDANT ORGANIZATION:** Pleaded guilty to Count 1 of the Information.

**ACCORDINGLY,** the Court has adjudicated that the organizational defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 22 U.S.C. § 2278(b)(2) and (c), 18 U.S.C. § 2, and 22 C.F.R. §§ 127.1(a) and 127.3 | Willful Export of Defense Articles Without a License | 10/11/07 | 1 |

    The defendant organization is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    IT IS ORDERED that the defendant organization shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant organization shall notify the court and United States Attorney of any material change in the organization's economic circumstances.

Defendant Organization's Federal
Employer I.D.: 84-0468045

Defendant Organization's Business Address:
    106 Laser Drive
    Lafayette, Colorado 80026

Defendant Organization's Mailing Address:
    Same

June 22, 2010
Date of Imposition of Judgment

s/ Wiley Y. Daniel
Signature of Judicial Officer

Wiley Y. Daniel, Chief U.S. District Judge
Name & Title of Judicial Officer

August 20, 2010
Date

## PROBATION

The defendant organization is hereby placed on probation for a term of five (5) years.

The defendant organization shall not commit another federal, state, or local crime.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant organization pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Monetary Obligations sheet of this judgment.

The defendant organization shall comply with the standard conditions that have been adopted by this Court (set forth below).

## STANDARD CONDITIONS OF SUPERVISION

1) Within 30 days from the date of this judgment, the defendant organization shall designate an official of the organization to act as the organization's representative and to be the primary contact with the probation officer.
2) The defendant organization shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
3) The defendant organization shall notify the probation officer at least ten days prior to any change in principal business or mailing address.
4) The defendant organization shall permit a probation officer to visit the organization at any of its operating business sites.
5) The defendant organization shall notify the probation officer within seventy-two hours of any criminal prosecution, major civil litigation, or administrative proceeding against the organization.
6) The defendant organization shall not dissolve, change its name, or change the name under which it does business unless this judgment and all criminal monetary penalties imposed by this court are either fully satisfied or are equally enforceable against the defendant's successors or assignees.
7) The defendant organization shall not waste, nor without permission of the probation officer, sell, assign, or transfer its assets.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) Rocky Mountain Instrument Company shall develop and submit to the Court an effective compliance and ethics program, including a schedule for implementation of that program. The submission shall fully capture the essence of the details of the program that has been implemented internally by the company and shall provide milestones that will assist the probation office in understanding how the program is going to work, how it has already worked, and what will be some demonstrated outcomes as a result of the program's continuation.

2) Rocky Mountain Instrument Company shall make quarterly reports to the probation office regarding its progress in implementing the compliance and ethics program. The reports shall disclose any criminal prosecution, civil litigation, or administrative proceeding commenced against Rocky Mountain Instrument Company, or any investigation or formal inquiry by governmental authorities of which the organization learned since its last report.

## MONETARY OBLIGATIONS

The defendant organization shall pay the following monetary obligations in accordance with the schedule of payments set forth below.

| Count | Assessment | Money Judgment Forfeiture | Restitution |
|---|---|---|---|
| 1 | $400.00 | $1,000,000.00 | $0.00 |
| **TOTALS** | $400.00 | $1,000,000.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Having assessed the defendant organization's ability to pay, payment of the total monetary obligations shall be due as follows:

The special assessment shall be payable immediately.

The $1,000,000 money judgment forfeiture is ordered payable in 18 quarterly payments of no less than $55,555.56 per payment. The first payment is due in January 2011, and payments are due by the 30th of the month. If the defendant organization anticipates that it cannot fulfill a quarterly payment due to its financial condition, it shall notify the probation officer 30 days in advance of the payment due date. The defendant organization shall provide the probation officer with verification of why any payment cannot be fulfilled and a proposed payment plan for satisfying the missed quarterly payment. Any unfulfilled payments must be approved by the probation officer. The entire $1,000,000 money judgment forfeiture shall be satisfied in full prior to the expiration of the probation term.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant organization shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order: (1) special assessment, (2) money judgment forfeiture.